IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 8:05-524-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Ernest Mordeau Deas, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Ernest Mordeau Deas' ("Deas") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons given below, the court dismisses Deas' motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 14, 2005, Deas was found guilty after a jury trial of one count of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and one count of distributing or possessing with the intent to distribute 5 kilograms or more of cocaine. On January 18, 2006, Deas was sentenced to two hundred forty (240) months' imprisonment. Deas appealed his conviction, and the United States Court of Appeals for the Fourth Circuit affirmed his conviction on January 29, 2008. United States v. Deas, No. 06-4098, 2008 WL 228063, at *3 (4th Cir. Jan. 29, 2008). Deas filed the instant § 2255 motion on February 18, 2009.[1] In addition, Deas filed a motion for extension of time to file an accompanying brief in support of his § 2255 motion. On February 24, 2009, the court granted Deas a 20-day extension to file a brief. Deas submitted a pro se brief on March 11, 2009.

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

## II. DISCUSSION OF THE LAW

Deas alleges that his trial counsel was constitutionally ineffective for (1) failing to object to Deas' sentence being enhanced pursuant to 21 U.S.C. § 851, and (2) failing to investigate the law relevant to his sentencing. (Deas' Mem. Supp. § 2255 Mot. 1.) The court will address Deas' claims below.

### A. Ineffective Assistance of Counsel

In order to successfully challenge a sentence on the basis of ineffective assistance of counsel, Deas must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In order to prove prejudice, Deas must "show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." Id. at 694.

Deas alleged that his counsel was constitutionally ineffective for failing to object to Deas' sentence being enhanced based on his 1994 possession with intent to distribute marijuana conviction in the United States District Court for the Northern District of Georgia, case number 1:93-417-01-RCF, ("1994 marijuana conviction") and failing to investigate the relevant law prior to sentencing that would have indicated that he did not qualify for a sentence enhancement.

Deas was found guilty after a jury trial of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and distributing or possessing with the intent to distribute 5

kilograms or more of cocaine all in violation of § 841(b)(1)(A). Section 841(b)(1)(A) provides in pertinent part that "[i]f any person commits [a violation of this section] after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment . . . ." The Government filed an information pursuant to 21 U.S.C. § 851 prior to trial, notifying Deas that it intended to seek an enhanced sentence because of Deas' prior drug convictions.[2] Deas' sentence was enhanced because of his 1994 marijuana conviction. Deas was sentenced to 240 months' imprisonment.

Deas argues that his counsel was constitutionally ineffective for failing to object to his sentencing enhancement and investigate the relevant law because the 1994 marijuana conviction was "a class A misdemeanor under federal law and, thus, was not considered a 'felony drug offense' for purposes of section 851 [and] 21 USCS 841(b)(1)(A)." (Deas' § 2255 Mot. 5.) This claim is without merit. The court takes judicial notice of the court docket and the judgment in Deas' 1994 marijuana conviction. Pursuant to Rule 201(b)(2) of the Federal Rules of Evidence, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." "[C]ourts can take judicial notice of court records under Rule 201(b)(2)." 21 C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5106.4 at 228 (2005).

---

[2] The information listed three prior drug offenses. At sentencing, the court found that Deas' two prior convictions for possession of cocaine did not qualify as a prior felony drug offense.

3

Court records of prior convictions are "not subject to reasonable dispute" and therefore the court will take judicial notice of court records pertaining to Deas' 1994 marijuana conviction. Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239-40 (4th Cir. 1989) (taking judicial notice of copies of guilty pleas clearly showing that the defendant pled guilty to arson); Gov't of the Virgin Islands v. Testamark, 528 F.2d 742, 743 (3d Cir. 1976) (no error to take judicial notice of court records indicating defendant's prior conviction); Gasner v. Dinwiddie, 162 F.R.D. 280, 282 (E.D. Va. 1995) (noting that the court can properly take judicial notice of public documents, such as court records).

The court has reviewed the court's docket for the 1994 marijuana conviction, case number 1:93-417-01-RCF, which reveals that Deas pled guilty to possession with intent to distribute under 21 U.S.C. § 841. Further, the judgment provides that Deas was adjudged guilty of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841 and was sentenced on March 4, 1994, to one year of probation and 30 days in a halfway house.

Section 841 provides that if a defendant is found guilty of possession with intent to distribute less than 50 kilograms of marijuana,[3] the defendant shall "be sentenced to a term of imprisonment of not more than 5 years. . . ." A violation of § 841 is a felony. United States v. Moore, 423 U.S. 122, 134 (1975). 21 U.S.C. § 802(44) defines "felony drug offense" as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." Therefore, Deas'

---

[3] The judgment does not set forth a specific quantity of marijuana. However, less than 50 kilograms of marijuana is the lowest quantity of marijuana specified in § 841.

1994 marijuana conviction qualified as a prior felony drug conviction.  Based on the foregoing, Deas was properly sentenced to the mandatory minimum of twenty years' imprisonment.  Deas' counsel was not constitutionally ineffective because he had no basis to object to the sentence enhancement based on his 1994 marijuana conviction.  Deas' counsel was not objectively unreasonable in failing to object to the sentence enhancement and in failing to research whether the 1994 marijuana conviction qualified as a felony drug offense.  Likewise, Deas' counsel was not constitutionally ineffective for allegedly failing to investigate the relevant law.  Further, Deas has failed to show how he has been prejudiced by his counsel's alleged failures.

It is therefore

**ORDERED** that Deas' § 2255 motion, docket number 155, is dismissed.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
March 23, 2009

### NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.